**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00229-CR**
_____

**ARTHUR LEWIS DAVISON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. 25796**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Arthur Lewis Davison ("Appellant" or "Davison") for unlawful possession of a firearm by a felon. *See* Tex. Penal Code Ann. § 46.04(a) ("Unlawful Possession of Firearm."). The State alleged a previous felony conviction as an enhancement. Davison pleaded "not guilty" to the offense. The jury found Davison guilty of unlawful possession of a firearm by a felon as alleged in the indictment. During the punishment phase of trial, Davison pleaded "true" to the alleged enhancement, and after hearing evidence, the jury assessed

1

punishment at eight years in prison and a fine of $10,000, and the trial court sentenced Davison in accordance with the jury's verdict. Davison timely filed his appeal.

On appeal, Appellant's court-ordered attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Davison to file a pro se brief, and we received no response from Davison.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

2

We affirm the trial court's judgment.[1]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on February 25, 2025
Opinion Delivered March 5, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[1] Davison may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.